Frances A. Smith
State Bar No. 24033084
Jonathan Gitlin
State Bar No. 24064305
Ross & Smith, PC
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: frances.smith@ross-and-smith.com
Email: jonathan.gitlin@ross-and-smith.com

**COUNSEL TO DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-34058** |
| **Cucina Antica Foods, Corp.,** | § | |
| | § | |
| | § | **CHAPTER 11** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING DISCLOSURE STATEMENT IN SUPPORT OF THE DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION; (B) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF DEBTOR'S PLAN OF LIQUIDATION; (C) ESTABLISHING DEADLINES RELATED THERETO; AND (D) APPROVING BALLOTING,  SOLICITATION, <u>NOTICE, AND VOTING PROCEDURES</u>**

Cucina Antica Foods, Corp., the above-referenced debtor and debtor in possession (the "<u>Debtor</u>"), files this *Motion for Entry of an Order: (A) Approving Disclosure Statement for the Debtor's Plan of Liquidation, (B) Scheduling a Hearing to  Consider  Confirmation  of  the Debtor's Plan of Liquidation, (C) Establishing Deadlines Related Thereto, and (D) Approving Balloting, Solicitation, Notice, and Voting Procedures* (the "<u>Plan Scheduling Motion</u>"). In support of the Plan Scheduling Motion, the Debtor respectfully submits the following:

**Jurisdiction and Venue**

1.       The Court has jurisdiction over the above-captioned bankruptcy case (the "Bankruptcy Case") and has jurisdiction over this Plan Scheduling Motion under 28 U.S.C. § 1334(b). The Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing Order of Reference entered by the United States District Court for the Northern District of Texas on August 3, 1984 (Miscellaneous Order #33). This matter is a core proceeding, and venue for this motion is proper in this district under 28 U.S.C. §§ 1408 and 1409 and under 28 U.S.C. §§ 157 and 1334. This Plan Scheduling Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.       The statutory predicates for this Plan Scheduling Motion are §§ 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code") Rules 2002, 3017, and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.       The Debtor remains in possession of its assets and continues to manage its affairs as a debtor in possession under §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

**Factual Background**

4.       On May 31, 2025, the Debtor filed its Chapter 11 Liquidating Plan (the "Plan") and Disclosure Statement in Support of its Plan (the "Disclosure Statement") [Docket Nos. 113 and 114]. At a high level, the Plan is a liquidating plan that creates a liquidation trust and appointment of a liquidation trustee who will collect and disperse the Debtor's remaining assets, primarily royalties from the Debtor's sale of certain of its assets, to be used to pay creditors.  The Plan creates the following classes of claims and interests:

| CLASS | DESCRIPTION | TREATMENT | ENTITLED TO VOTE |
|---|---|---|---|
| 1 | VNB Secured Claims | Impaired | Yes |
| 2 | Itria Secured Claims | Impaired | Yes |
| 3 | Celtic Bank Secured Claims | Impaired | Yes |
| 4 | General Unsecured Claims | Impaired | Yes |
| 5 | Insider Claims | Impaired | Yes |
| 6 | Equity Interests | Impaired | Yes |

5.      Contemporaneous with the filing of this Plan Scheduling Motion, the Debtor filed and served on all parties in interest entitled to receive same, its *Notice of Hearing on Debtor's Motion for Entry of an Order: (A) Approving Disclosure Statement, (B) Scheduling a Hearing to Consider Confirmation of the Debtor's Plan of Liquidation, (C) Establishing Deadlines Related Thereto, and (D) Approving Balloting, Solicitation, Notice, and Voting Procedure* ("Notice of Hearing").

### Request for Relief

6.      By this Plan Scheduling Motion, the Debtor respectfully requests the Court enter an order (the "Confirmation Scheduling Order"):

(a)    approving the Disclosure Statement;

(b)    scheduling a hearing to consider confirmation of the Plan (the "Confirmation Hearing");

(c)    establishing a voting record date (the "Voting Record Date");

(d)    establishing a deadline to vote on the Plan (the "Voting Deadline");

(e)    establishing a deadline to object to confirmation of the Plan (the "Objection Deadline");

(f)    approving the forms of ballots to be used in soliciting votes on the

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,
SCHEDULE CONFIRMATION HEARING, ETC.—3**

Plan; and

(g) approving Plan solicitation and voting procedures.

The Debtor makes such requests pursuant to §§ 105, 1125, 1126 and 1128 of the Bankruptcy Code, and Rules 2002, 3017, and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Subject to the Court's availability, the Debtor respectfully requests that the Court approve the following schedule of proposed dates to govern approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Schedule"):

| EVENT | DATE (PREVAILING CENTRAL TIME) |
|---|---|
| Date for Filing the Plan / Disclosure Statement | May 31, 2025 |
| Date for Filing the Plan Scheduling Motion | June 3, 2025 |
| Voting Record Date | The date the Court enters the Confirmation Scheduling Order. |
| Deadline to Mail Notice of Confirmation Hearing / Commencement of Solicitation | No later than 3 business days after the Court enters the Confirmation Scheduling Order. |
| Voting Deadline | 5:00 p.m. on the first business date that is approximately 35 days after the Court enters the Confirmation Scheduling Order. |
| Deadline to File Objections to Plan Confirmation | 5:00 p.m. on the first business date that is approximately 35 days after the Court enters the Confirmation Scheduling Order. |
| Proposed Confirmation Hearing | 40 days after the Court enters the Confirmation Scheduling Order. |

A.  **Approval of Disclosure Statement**

7.      The Debtor requests the Court's approval of the Disclosure Statement  under § 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

8.      Under § 1125, the solicitation of votes on a plan from holders of claims and equity interests entitled to vote on the plan may not commence until a court-approved disclosure statement has been transmitted to such holders. *See* 11 U.S.C. § 1125(b); *see also* Fed. R. Bankr. P. 3017(a)-(b). The standard for approval of such a disclosure statement is whether the disclosure statement contains "adequate information." 11 U.S.C. § 1125(b). "Adequate information" is defined within § 1125 of the Bankruptcy Code as:

[I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

*Id.* § 1125(a)(1). Given the numerous factors and qualifications set forth within the above definition, the "adequacy" of information contained in a disclosure statement is largely dependent upon the particular circumstances of the case at bar, and the nature of the plan proposed, and therefore, the determination is left to the discretion of the courts. *See In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1156-57 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *Mabey v. Southwestern Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.*), 150 F.3d 503, 518 (5th Cir. 1998).

9.    Depending upon the particular nature of the case involved and the type of plan proposed, courts have identified the following list of factors that may be relevant in considering the adequacy of information: (1) the circumstances that gave rise to the filing of the chapter 11 petition; (2) a complete description of the available assets and their value; (3) the anticipated future of the debtor; (4) the source of information provided in the disclosure statement; (5) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement; (6) the condition and performance of the debtor while in chapter 11; (7) information regarding claims against the estate; (8) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7; (9) the accounting and valuation methods used to produce the financial information in the disclosure statement; (10) information regarding the future management of the

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,
SCHEDULE CONFIRMATION HEARING, ETC.—5**

debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor; (11) a summary of the plan; (12) an estimate of all administrative expenses, including attorneys' fees and accountant's fees; (13) the collectability of accounts receivable; (14) any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan; (15) information relevant to the risks being taken by the creditors and interest holders; (16) the actual or projected value that can be obtained from avoidable transfers; (17) the existence, likelihood and possible success of non-bankruptcy litigation; (18) the tax consequences of the plan; and (19) the relationship of the debtor with affiliates. *In re U.S. Brass Corp.*, 194 B.R. 420, 424 (Bankr. E.D. Tex. 1996); *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984). Importantly, however, "it is also well understood that certain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case." *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001); accord *U.S. Brass Corp.*, 194 B.R. at 425 ("Disclosure of all factors is not necessary in every case").

10.     Given the relatively small size and complexity of the Debtor's Bankruptcy Case, the Debtor has been mindful of the categories of information most relevant to evaluating the Plan and submits that the Disclosure Statement contains adequate information for purposes of § 1125 of the Bankruptcy Code. Specifically, the Disclosure Statement includes the following key sections and information:

| CATEGORY | DESCRIPTION | LOCATION IN DISCLOSURE STATEMENT |
|---|---|---|
| Introduction | Background information about the Debtor and its Bankruptcy Case, a summary of the Plan's treatment of claims and interests and distributions to be made under the Plan, an explanation of the | ARTICLE I |

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,
SCHEDULE CONFIRMATION HEARING, ETC.—6**

|  | purpose of the Disclosure Statement, and notice of the hearing to determine confirmation of the Plan. |  |
|---|---|---|
| Voting Procedures and Requirements | The Plan voting deadlines and voting requirements, voting eligibility, and confirmation statutory requirements. | ARTICLE III |
| Overview of Debtors' Business Operations, Events Leading to its Chapter 11 Filing, and Overview of its Bankruptcy Case | An overview of the Debtor's business, events leading to the commencement of the Debtor's chapter 11 filing, certain key developments in the Debtor's bankruptcy case, including the sale of substantially of the Debtor's asserts, and an overview of the claims against the Debtor. | ARTICLE IV |
| Description of the Plan | A description of the Plan's classification and treatment of claims and interests and executory contracts and unexpired leases. | ARTICLE V |
| Means for Implementing the Plan | A description of the liquidation trust to be created by the Plan and the assets to be transferred to the liquidation trust to be used to pay allowed claims, and summary of material terms of the Liquidation Trust Agreement. | ARTICLE VI |
| Allowance and Disallowance of Claims | A description of the claims objection process and provisions related to disputed claims. | ARTICLE VII |
| Effect of Confirmation | Includes a discussion about the injunction and exculpation provisions included in the Plan. | ARTICLE IX |
| Risk Factors | A description of recovery and bankruptcy risks associated with the Plan. | ARTICLE XI |
| Plan Alternatives | An explanation of Plan alternatives, primarily the preparation and presentation of an alternative plan or liquidation under chapter 7 of the Bankruptcy Code. | ARTICLE XII |
| Tax Consequences of the Plan | A statement encouraging holders of claims to consult with its tax professionals as to any tax consequences of the Plan. | ARTICLE XIII |
| Recommendation | A recommendation by the Debtor that holders of Claims in the voting Classes should support Confirmation and vote to accept the Plan. | ARTICLE XIV |

11.     The Debtor believes that the Disclosure Statement contains sufficient information to allow all those entitled to vote with adequate information to make an informed judgment as to whether to accept or reject the Plan and, thus, contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code. The Debtor therefore requests the Court approve the Disclosure Statement so that it can move forward with the Plan solicitation and confirmation process.

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,**
**SCHEDULE CONFIRMATION HEARING, ETC.—7**

**B.     Hearing to Consider Confirmation of the Plan and Establishing Deadline for Objections Thereto**

12.     The Debtor further requests that the Court schedule a hearing to consider confirmation of the Plan (the "Confirmation Hearing") and to establish a deadline for the submission of votes on the Plan and for the filing of any objections to confirmation of the Plan. Such requests are made under § 1128 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

13.     Therefore, the Debor requests that the Court **set the Confirmation Hearing on a date that is approximately 35 days after the entry of the Confirmation Scheduling Order** or as soon thereafter as is convenient to the Court. *See* Fed. R. Bankr. P. 3017(c) ("On or before approval of the disclosure statement, the court may fix a date for the hearing on confirmation"). The Debtor believes that such scheduling will provide it with sufficient time to arrange for duplication and transmittal of the Solicitation Packages (defined and further discussed below) to holders of claims, while at the same time ensuring that such holders are provided at least 28 days' notice of the Confirmation Hearing, the Voting Deadline, and the Objection Deadline. *See* Fed. R. Bankr. P. 2002(b).

**C.     Establish Voting and Objection Deadlines**

    **(i)     Voting Deadline**

14.     In connection with the approval of a disclosure statement, Bankruptcy Rule 3017 requires the establishment of a deadline for the submission of votes on the plan. *See* Fed. R. Bankr. P. 3017(c) ("On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . .").

15.     The Debtor requests that the **Voting Deadline (as required by Bankruptcy Rule 3017) be established as 5:00 p.m. (prevailing Central Time) on the first business date**

**that is approximately 35 days after entry of the Confirmation Scheduling Order.** The Debtor intends to transmit the Solicitation Packages by not later than 3 business days after entry of the Confirmation Scheduling Order which, in turn, will provide those creditors who are entitled to vote on the Plan at least 28 days to review the Disclosure Statement, the Plan, and any other related materials and to return their ballots. To ensure that no dispute arises as to the date of service of completed ballots, the Debtor further requests that the Confirmation Scheduling Order specify that, in the absence of an extension of the Voting Deadline by the Debtor or order of the Court permitting a late submission, a completed ballot must be *actually received* by counsel for the Debtor, Ross & Smith, PC, by not later than the Voting Deadline in order for the ballot to be deemed timely and counted.

16. The Debtor believes that establishing the above-referenced Voting Deadline is reasonable and appropriate. The Debtor recognizes, however, that certain unforeseen events may cause certain ballots to be delayed and, consequently, delivered late. Accordingly, the Debtor requests that the Confirmation Scheduling Order also specify that upon the Debtor's consent, the Court may deem untimely-submitted ballots as timely and counted.

### (ii) Confirmation Objection Deadline

17. Under Bankruptcy Rules 2002 and 3017, creditors and equity interest holders must also be given at least 28 days' notice of the deadline for the filing of objections to confirmation of the Plan (the "Objection Deadline"). *See* Fed. R. Bankr. P. 2002(b), 3017(d). The Debtor requests that the Objection Deadline be fixed as the same date as the Voting Deadline. The Debtor intends to transmit the Solicitation Packages by not later than 3 business days after entry of the Confirmation Scheduling Order which, in turn, will provide creditors and parties in interest at least 28 days to review the Disclosure Statement, the Plan, and any other

related materials and to file any objection thereto.

18.     The Debtor further requests that the Confirmation Scheduling Order require: (a) objections to be in writing; (b) that such objections state with particularity the grounds (including any applicable legal authority) of objection, identifying the specific section and/or text of the Plan to which the objection is focused; and (c) that all objections be filed with the Court and served on the following parties by not later than 5:00 p.m. (prevailing Central Time) on the date of the Objection Deadline:

| | |
|---|---|
| Debtor Cucina Antica Foods, Corp. c/o Frances A. Smith Ross& Smith, PC 700 N. Pearl Street, Suite 1610 Dallas, Texas 75201 | 5:00 p.m. prevailing Central Time on the first business date that is approximately 35 days after entry of the Confirmation Scheduling Order |
| Office of the United States Trustee 1100 Commerce Street, Room 976 Dallas, Texas 75242 | 5:00 p.m. prevailing Central Time on the first business date that is approximately 35 days after entry of the Confirmation Scheduling Order |

In connection with same, the Debtor further requests that the Confirmation Scheduling Order specify that untimely and non-compliant objections to confirmation of the Plan be summarily stricken and/or overruled by the Court.

**D.      Approval of Ballots, Solicitation, Voting, and Notice Procedures**

**(i)      Ballot Forms**

19.     Under § 105(a) of the Bankruptcy Code and Bankruptcy Rule 3017, the Debtor requests the Court's approval of the form of the ballots to be used by holders of claims in casting votes on the Plan.

20.     Bankruptcy Rule 3017 requires various materials to be mailed in connection with the confirmation process, including a "form of ballot conforming to the appropriate Official Form . . . to creditors and equity security holders entitled to vote on the plan." *See* Fed. R. Bankr. P.

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,
SCHEDULE CONFIRMATION HEARING, ETC.—10**

3017(d). As reflected by the rule's language, only those entitled to vote must be provided a ballot.

21.    Based on the foregoing, the Debtor has prepared forms of customized ballots for holders of claims in classes 1-6 under the Plan. These proposed forms of ballots are attached hereto as **Exhibit A** and incorporated herein for all purposes (collectively, the "Ballots"). The Debtor respectfully requests the Court's approval of the proposed Ballots for use in soliciting votes on the Plan.

22.    The Debtor further requests with respect to solicitation and balloting that the Court affirm that Debtor's counsel is the party responsible for receiving completed Ballots, determining and tabulating votes on the Plan, determining whether each particular class of claims under the Plan has accepted or rejected the Plan, and reporting its determination ("Voting Report") to the Court for final determination by the Court at the Confirmation Hearing.

### (ii)    Solicitation, Notice and Voting Procedures

23.    The Debtor requests approval of solicitation, notice and voting procedures under § 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 3017 and 3018.

24.    Bankruptcy Rule 3017 specifies the materials that must be provided to creditors and equity interest holders in connection with a confirmation hearing and the solicitation of votes on a plan. In relevant part, it provides:

> Upon approval of a disclosure statements, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of the plan may be filed; and

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,
SCHEDULE CONFIRMATION HEARING, ETC.—11**

(4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed R. Bankr. P. 3017(d).

25.     To comply with Bankruptcy Rules 2002(b) and 3017, and to effectively solicit votes on the Plan in a manner that is consistent with all other pertinent provisions of the Bankruptcy Code and Bankruptcy Rules and the requirements of due process, the Debtor requests the Court's approval of the following solicitation materials ("Solicitation Package") and voting procedures:

(a)     The approved Disclosure Statement (with all exhibits, including the Plan);

(b)     The Confirmation Scheduling Order (which, among other things, sets the date and time of the Confirmation Hearing, establishes the Voting Deadline and Objection Deadline, approves the Ballots to be used in soliciting votes, and approves the voting procedures set forth below in relation to the determination and tabulation of votes on the Plan);

(c)     An appropriate approved Ballot or Ballots;

(d)     A notice regarding the date and time of the hearing to consider confirmation of the Debtors' Plan, among other things (the "Confirmation Hearing Notice"); and

(e)     A pre-addressed return envelope for use in returning the completed Ballot(s) to the Balloting Agent (the "Return Envelope").

26.     The Debtor requests approval of the foregoing proposed means of transmitting solicitation materials to holders of claims in the Bankruptcy Case, and further requests that the Debtor's compliance with same be deemed to constitute adequate and proper notice of the Confirmation Hearing, the Voting Deadline, and the Objection Deadline, consistent with the requirements of Bankruptcy Rules 2002 and 3017. *See* Fed. R. Bankr. P. 2002(b), 3017(d).

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,
SCHEDULE CONFIRMATION HEARING, ETC.—12**

### (iii) Voting Procedures

27. In determining the identity of the holders of claims entitled to vote on the Plan, Bankruptcy Rule 3018(a) provides that the "date the order approving the disclosure statement is entered or . . . another date fixed by the court, for cause, after notice and a hearing" is the record date for determining the identity of the holders of claims entitled to vote on the Plan. *See* Fed. R. Bankr. P. 3018(a). Thus, the Debtor requests the Court to establish the **Voting Record Date as the date that the Court enters the Confirmation Scheduling Order.**

28. Finally, the Debtor requests that the Court approve the following procedures in relation to voting and the determination and tabulation of votes on the Plan (collectively, the "Voting Procedures"):

(a) Use of Approved Ballots; Due Execution. All votes to accept or reject the Plan must be cast using the applicable forms of Ballots authorized by the Court for use in casting votes on the Plan. Ballots must be submitted and executed by either: (i) the actual holder of the claim entitled to vote on the Plan, or (ii) an authorized signatory for such holder who has full power and authority to vote on behalf of the holder. Votes cast in any other manner will not be counted.

(b) Ambiguous Vote on Plan. Any Ballot received which either (i) does not reflect either acceptance or rejection of the Plan, or (ii) reflects both acceptance and rejection of the Plan, shall not be deemed to be a valid Ballot for purposes of determining whether the pertinent class under the Plan has accepted the Plan.

(c) Separate Ballots for Separate Classes. If a person holds claims in more than one class under the Plan, then an appropriate approved Ballot must be completed, duly-executed and timely returned for the claim(s) in each such class. A Ballot for a particular class shall only apply to the claim(s) falling within such class and shall not apply to any claim(s) held in any other classes.

(d) Submission of Multiple Ballots. If multiple Ballots are cast by a creditor on account of a single claim within a particular class, then the last received Ballot (which has been completed and duly-executed) up to the time of the Voting Deadline shall control, and all previously-submitted Ballots shall be deemed superseded and null and void.

(e) Delivery of Ballots: Ballots may be delivered by overnight courier, hand delivery or United States mail at the address included on the Ballots, provided they are actually received by Debtor's counsel by not later than 5:00 p.m. (prevailing Central Time) on the date of the Voting Deadline (in the absence of

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,**
**SCHEDULE CONFIRMATION HEARING, ETC.—13**

the entry of an order by the Court extending such Voting Deadline or extension of the Voting Deadline by the Debtor).

(f)     Entitlement to Vote: The following holders of claims  shall be entitled to vote: (a) all persons or entities identified in the Debtor's filed Bankruptcy Schedules as holding liquidated, noncontingent and undisputed claims in an amount greater than zero dollars, excluding scheduled claims that have been paid in full or superseded by filed proofs of claim; (b) all parties having timely filed proofs of claim, as reflected in the official claims register (i) in an amount greater than zero dollars, (ii) that are not contingent, unliquidated or disputed, and (iii) that have not been disallowed or expunged; (c) the assignee of a transferred and assigned claim (whether a filed or scheduled claim) whose transfer and assignment has been properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date and whose claims have not been disallowed or expunged; (d) all holders of equity interests in the Debtor.

If a claim is listed in the Debtor's Bankruptcy Schedules as contingent, unliquidated or disputed and a proof of claim was not (a) filed by the applicable bar date for the filing of proofs of claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, then, unless the Debtor consents in writing, such claim will be disallowed for voting purposes.

(g)     Allowed Amount for Purposes of Voting.  Each holder of a claim within a class entitled to vote shall be entitled to vote the amount of such claim as set forth in the Debtor's Bankruptcy Schedules unless (a) such holder timely filed a proof of claim in which case the holder is entitled to vote the amount of such claim as set forth in the proof of claim; or (b) the Debtor  has satisfied such claim in which event the holder is entitled to vote only the unsatisfied portion of the claim. Notwithstanding the foregoing, if a claim (a) is deemed "Allowed" under the Plan or an order of the Court, such claim is allowed for voting purposes in the deemed "Allowed" amount set forth in the Plan or the Court's order; (b) if a claim is partially liquidated and partially unliquidated, the holder shall only be allowed to vote the claim in the liquidated amount.

(h)     Change of Vote After Voting Deadline. Once the Voting Deadline has  passed (as originally set or as hereafter extended by order of the  Court or by consent of the Debtor), a vote may not be changed or withdrawn in the absence of leave of the Court in  accordance with Rule 3018 of the Federal Rules of Bankruptcy Procedure.

(i)     Disregarded Votes.  In relation to each class of impaired claims that is entitled to vote on the Plan (and is not a class that is deemed to have accepted or rejected the Plan), should none of the holders of claims within such class: (a) cast a vote to accept or reject the Plan by the Voting Deadline; or (b) file an objection to the confirmation of the Plan by the Confirmation Objection Deadline, then such class shall be disregarded by the Court in determining whether the requirements

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT,**
**SCHEDULE CONFIRMATION HEARING, ETC.—14**

of 11 U.S.C. § 1129(a)(8).

(j)     Bad Faith Submissions. A vote may be disregarded if, after notice and a hearing, the Court determines that such vote was not in good faith or was not solicited or procured in good faith or in accordance with applicable provisions of the Bankruptcy Code.

(k)     Waiver of Defects/Irregularities. Subject to order of the Court, the Debtor may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however*, that any such waivers will be documented in the Voting Report.

29.     The Debtor believes that the approval of such procedures is necessary to avoid any confusion in determining votes on the Plan and will ensure that all creditors and equity interest holders are treated fairly and appropriately. The Debtor requests approval of such Voting Procedures.

## Conclusion

For all of the reasons set forth above, the Debtor submits that the relief requested herein is warranted, appropriate and in the best interests of the Debtor's bankruptcy estate and all claim holders therein. Accordingly, the Debtor requests entry of the Confirmation Scheduling Order in form of the proposed order attached hereto as **Exhibit B**.

WHEREFORE, PREMISED CONSIDERED, the Debtor respectfully requests that the Court: (a) enter the Confirmation Scheduling Order thereby (i) approving the Disclosure Statement, (ii) scheduling the Confirmation Hearing, (iii) fixing the Voting Deadline, (iv) fixing the Objection Deadline, (v) approving the Ballots for use in soliciting votes on the Plan, (vi) approving the form of the Solicitation Package, (vii) approving the Voting Procedures, consistent with the requirements of Bankruptcy Rules 2002 and 3017; and (b) provide the Debtor such other and further relief as to which it has shown itself to be justly entitled.

Dated: June 3, 2025

By: */s/ Frances A. Smith*

Frances A. Smith
State Bar No. 24033084
Jonathan Gitlin
State Bar No. 24064305
Ross & Smith, PC
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: frances.smith@rross-and-smith.com
Email: jonathan.gitlin@ross-and-smith.com

**COUNSEL TO DEBTOR**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2025, a true and correct copy of the foregoing was served via the Electronic Filing System for the Northern District of Texas, email, and/or U.S. mail upon the parties listed in the attached Master Service List as indicated.

/s/ *Frances A, Smith*
Frances A. Smith

**Master Service List**
**Cucina Antica Foods, Corp.**
**Case No. 24-34058**

***Debtor:***
Cucina Antica Foods, Corp.
P.O. Box 670367
Dallas, TX 75367
**Served via U.S. mail**

***Debtor's Counsel:***
Frances A. Smith
Jonathan Gitlin
Ross & Smith, PC
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: frances.smith@ross-and-smith.com
Email: jonathan.gitlin@ross-and-smith.com
**Served via ECF**

***U.S. Trustee:***
Asher M. Bublick
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1699
(214) 767-1084 (direct)
(202) 934-4039 (mobile)
Email: asher.bublick@usdoj.gov
**Served via ECF**

***Governmental Agencies:***
Internal Revenue Service
Special Procedures-Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346
**Served via U.S. mail**

Attorney General of the United States
Office of the Attorney General
Main Justice Building, Room 5111
10th & Constitution Avenue, N.W.
Washington, D.C. 20530
**Served via U.S. mail**

Social Security Administration
Office of the General Counsel
Office of Program Litigation
Attn: Bankruptcy
6401 Security Boulevard
Baltimore, MD 21235
**Served via U.S. mail**

Attorney General
Texas Attorney General's Office
Bankruptcy-Collections Division
P.O. Box 12548
Austin, Texas 78711-2548
**Served via U.S. mail**

State Comptroller of Public Accounts
Revenue Accounting Division-
Bankruptcy Section
P.O. Box 13528
Austin, Texas 78711
**Served via U.S. mail**

Texas Workforce Commission
TEC Building - Bankruptcy
101 East 15th Street
Austin, Texas 78778
**Served via U.S. mail**

U.S. Attorney
Office of the United States Attorney
3rd Floor, 1100 Commerce Street
Dallas, Texas 75242-1699
**Served via U.S. mail**

United States Postal Service
Law Department, Southwest Field Office
P.O. Box 227078
Dallas, Texas 75222-7078
**Served via U.S. mail**

*Secured Parties:*
Biz2Credit Inc.
Attn: Bankruptcy Department
1 Penn Plaza 31st Floor
New York, NY 10119
Email: mike.williams@Biz2Credit.com
**Served via Email**

BlueVine Capital Inc.
Attn: Bankruptcy Department
401 Warren Street Suite 300
Redwood City, CA 94063
**Served via U.S. mail**

Itria Ventures, LLC
Attn: President and General Counsel
One Penn Plaza Suite 3101
New York, NY 10119
**Served via U.S. mail**

Koverly, Inc.
Attn: Bankruptcy Notice
Koverly, Inc.
303 Wyman Street Ste. 300
Waltham, MA 02451
Email: dlasko@koverly.com
**Served via Email**

City of Dallas
Dallas City Secretary's Office
1500 Marilla Street, Suite 5DS
Dallas, TX 75201
**Served via U.S. mail**

*20 Largest Unsecured Creditors:*
Aborn & Co. Inc.
dba FreightPlus, Inc.
Attn: Jill Clifford
P.O. Box 6756
Carol Stream, IL 60197
Email: jclifford@freightplus.io
**Served via Email**

Anchin, Block & Anchin LLP
Attn: Stephen Plattman
P.O. Box 32002
New York, NY 10087-2002
Email: stephen.plattman@anchin.com
**Served via Email**

C&S Wholesale Grocers Inc
ATTN: Kristin Potter
ATTN: Matt Justet
47 Old Ferry Road
Brattleboro, VT 05301
Email: CSWGapreview@outreach.prgx.com
**Served via Email**

Choice Sales & Marketing West, Inc.
Attn: Kathy Murray
3156 La Palma Avenue Suite A
Anaheim, CA 92806
Email: kathy@choicesalesmarketing.com
**Served via Email**

Valley National Bank
c/o K&L Gates LLP
Attn: David S. Catuogno, Esq.
One Newark Center - 10th Floor
Newark, New Jersey 07102
Direct: (973) 848-4023
Fax: (973) 848-4001
Email: David.Catuogno@klgates.com
**Served via Email**

Di Vita S.p.A
Attn: Alberto Pochettino
Via Poirino, 13
Campagnola TO, Italy 10022
Email: a.pochettino@divita.it
**Served via Email**

Di Vita S.p.A.
c/o Nixon Peabody LLP
Attn: Charles R. Bernardini
70 W. Madison Street, Suite 5200
Chicago, IL 60602-4378
Email: cbernardini@nixonpeabody.com
**Served via Email**

Di Vita S.p.A.
c/o Nixon Peabody LLP
Attn: Christopher M. Desiderio
55 West 46th Street
New York, NY 10036
Email: cdesiderio@nixonpeabody.com
**Served via Email**

DP 21, LLC
Attn: Mark E. Blanford
12 South Bedford Road
Mount Kisco, NY 10549
Email: Mark@Diamondproperties.co
**Served via Email**

Concord National LLP
Attn: Lorena Perrin
#400 - 1124 Lonsdale Avenue
North Vancouver, British Colombia,
V7M 2H1, Canada
Email: lperrin@indigonaturalproducts.com
**Served via Email**

Critical Mass Group LLC
Attn: Daniel Morad
215 Pier Avenue Suite C
Hermosa Beach, CA 90254
Email: dan@criticalmassgroup.com
**Served via Email**

Giovanni Food Co, Inc
Attn: Lou DeMent, CEO
8800 Sixty Road
Baldwinsville, NY 13027
Email: lou@giovannifoods.com
**Served via Email**

Interglobo North America Inc.
Attn: Darleny E. Made
AFC Department, Accounts Receivable &
Treasurer Specialist
2 Colony Road Suite 300
Jersey City, NJ 07305
Email: apinto@interglobo.com
**Served via Email**

LaValle Foods USA
Attn: Virginia Graham
235 Murray Hill Parkway
East Rutherford, NJ 07073
Email: virginia@lavalleus.com
**Served via Email**

Fratelli Voza
Attn: Bankruptcy Department
Localita bivio Cioffi - 84025
EBOLI (SA), Salerno Italy
**Served via U.S. mail**

Fusion Transportation
Attn: Sheila Rivas
P.O. Box 24498
New York, NY 10087
Email: srivas@fusiontransport.com
**Served via Email**

Rispoli Luigi E C. S.R.L.
Attn: Bankruptcy Department
Via Mazzini, 3
Carilla Altavilla Silentina SA, Italy
**Served via U.S. mail**

SPINS, LLC
Attn: Adam Wynne
P.O. Box 776803
Chicago, IL 60677
Email: accounts_receivable@spins.com
**Served via Email**

Stello Foods
Attn: Nickki L. Stello
P.O. Box 413
Punxsutawney, PA 15767
Email: stellofoods@hotmail.com
**Served via Email**

Textnology dba aisle
Attn: Chris Tiffin
Attn: Dustin Zang
169 Madison Avenue Suite 11293
New York, NY 10016
Email: tiffin@gotoaisle.com
Email: dustin@gotoaisle.com
**Served via Email**

McCourt Label Company
Attn: Kathy Reid
P.O. Box 3021
Warren, PA 16365
Email: kreid@mccourtlabel.com
**Served via Email**

Neagle Freight Systems, Inc
Attn: Jeff Neagle
P.O. Box 26777
Las Vegas, NV 89126
Email: jeff@neaglefreight.com
**Served via Email**

Rank Shipping Inc.
Attn: Don Pearson
53 N. Park Avenue Suite 53
Rockville Centre, NY 11570
Email: don@rankshipping.com
**Served via Email**

Valley National Bank
c/o K&L Gates LLP
Attn: David S. Catuogno
One Newark Center - 10th Floor
Newark, New Jersey 07102
Direct: (973) 848-4023
Mobile: (201) 805-4371
Fax: (973) 848-4001
Email: David.Catuogno@klgates.com
**Served via ECF and Email**

Hannaford Bros. Co., LLC
c/oGregory G. Hesse
Hunton Andrews Kurth LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
(214) 979-3000 Telephone
(214) 880-0011 Telecopy
Email: Ghesse@hunton.com
**Served via ECF**

***<u>Noticed Parties:</u>***
Dallas County
c/o Linebarger Goggan Blair &
Sampson, LLP
Attn: Sherrel K. Knighton
3500 Maple Avenue
 Suite 800
 DALLAS, TX 75219
 Telephone: (214) 880-0089
 Facsimile: (469) 221-5003
 Email: dallas.bankruptcy@lgbs.com
**Served via ECF**