

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 22, 2025**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-34058 |
| Cucina Antica Foods, Corp., | § | |
| | § | |
| | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED
### CHAPTER 11 PLAN OF LIQUIDATION

CAME ON FOR CONSIDERATION the *Debtor's First Amended Chapter 11 Plan of Reorganization* [Docket No. 119] filed on July 1, 2025 by Cucina Antica Foods, Corp. (the "Debtor"), debtor-in-possession in the above-referenced Chapter 11 Case. On July 29, 2025, the Court entered its *Order Approving Debtor's Motion for Entry of an Order (A) Approving Disclosure Statement; (B) Scheduling a Hearing to Consider Confirmation of Debtor's Plan of Liquidation; (C) Establishing Deadlines Related Thereto; and (D) Approving Balloting, Solicitation, Notice, and Voting Procedures* (the "Order Setting Confirmation Hearing") [Docket No. 127]. The Order Setting Confirmation Hearing established deadlines for soliciting the Plan,

voting on the Plan, objecting to confirmation of the Plan, and scheduled an evidentiary hearing on confirmation of the Plan for September 15, 2025 (the "Confirmation Hearing").

Unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to them in Article I of the Plan.

The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on December 13, 2024. Since that time, the Debtor has continued to manage and operate its affairs as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

On September 11, 2025, the Debtor filed its *Notice of Ballot Results Regarding Debtor's First Amended Chapter 11 Plan of Liquidation* with the Ballot Summary (the "Ballot Summary") reflecting the votes received in connection with the Plan [Docket No. 133-1].

No objections were filed to confirmation of the Plan.

At the Confirmation Hearing, the Court considered the testimony of Suzanne Fusco, the authorized representative of the Debtor, the presentation, representations, and arguments of counsel for the Debtor. Additionally, the Court admitted various exhibits, including but not limited to the Plan, the Royalty Agreement, Liquidation Trust Agreement, and the Ballot Summary.

Based on the Court's review and consideration of: (i) the Plan; (ii) the Ballot Summary; (iii) the exhibits and testimony admitted at the Confirmation Hearing; (iv) the arguments of counsel; and (v) the record before it, the Court makes the following findings of fact and conclusions of law and enters this Order Confirming the Debtor's Plan:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

**Findings and Conclusions.** The findings and conclusions of the Court set forth in the record at the Confirmation Hearing, if any, are incorporated as if set forth herein.

**A. Compliance with 11 U.S.C. § 1122 – Classification of Claims and Equity Interests.**

1.     In addition to Administrative Claims, Priority Tax Claims and United States Trustee fees, which need not be classified, the Plan classifies Claims and Equity Interests as follows:

| | |
|---|---|
| Class 1 – VNB Secured Claim | Impaired |
| Class 2 – Itria Secured Claims | Impaired |
| Class 3 – Celtic Bank Secured Claims | Impaired |
| Class 4 – General Unsecured Claims | Impaired |
| Class 5 – Insider Claims | Impaired |
| Class 6 – Equity Interests | Impaired |

2.     The Court finds that valid business, legal, and factual reasons exist for the separate classification of each of the classes of Claims and Equity Interests provided in the Plan, and that there is no unfair or inequitable discrimination between or among the holders of Claims and Equity Interests. All Claims and Equity Interests within each class under the Plan are substantially similar and are afforded equal and reasonable treatment, other than to the extent that the claimant has agreed otherwise. Accordingly, the classification of Claims and Equity Interests under the Plan satisfies the requirements of § 1122 of the Bankruptcy Code.

**B. Compliance with 11 U.S.C. § § 1123(a)(1)-(7)  – Mandatory Contents of Plan.**

3.     In accordance with § 1123(a) of the Bankruptcy Code, the Plan: (1) designates classes of Claims and Equity Interests, other than Claims of a kind specified in Bankruptcy Code §§ 507(a)(2), 507(a)(3), or 507(a)(8); (2) specifies any class of Claims and Equity Interests not impaired under the Plan; (3) specifies the treatment of classes of Claims and Equity Interests that

are impaired under the Plan; (4) provides the same treatment for each Claim or Equity Interest of a particular class, unless the holder of a particular Claim or Equity Interest has agreed to less favorable treatment of their Claim or Equity Interest classified thereunder; (5) provides adequate means for the Plan's implementation by (i) the continuation of the Debtor's business operations; (ii) provisions for the payment of all Allowed Claims under the Plan; (iii) provisions for implementation of the Plan; and (iv) general authority for the Debtor to take all actions necessary or appropriate to effect any transaction necessary or appropriate to effectuate the Plan; (6) does not involve or include the issuance of non-voting equity securities within the meaning of Bankruptcy Code § 1123(a)(6), including with respect to any equity security of a corporate Debtor; and (7) contains only provisions that are consistent with the interests of holders of Claims and Equity Interests and with public policy with respect to the reinstatement of current management, including any officers and directors, as directors of the Debtor.

4.      In addition, the Plan complies with 11 U.S.C. § 1123(a) by including a brief history of the Debtor, a liquidation analysis, and projections regarding the Debtor's ability to satisfy Plan payments. Therefore, the Plan satisfies the requirements of Bankruptcy Code§§ 1123(a).

**C. Compliance with 11 U.S.C. § 1123(b) – Permissible contents of Plan.**

5.      Consistent with § 1123(b) of the Bankruptcy Code, the Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code, including provisions for: (i) the assumption or rejection and treatment of executory contracts and unexpired leases and corresponding Claims; (ii) the sale of substantially all of the assets of the estate of the Debtors; and (iii) treatment of the rights of holders of Claims and Equity Interests. The relief provided in the Plan is fair, equitable and necessary for the orderly implementation of the Plan and

the administration of the Estate. Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1123(b).

D. **Compliance with 11 U.S.C. § 1126 – Acceptance of Plan.**

6.      Debtor filed the Ballot Summary attesting and certifying the results of ballot tabulation for classes of Claims entitled to vote on the Plan. As indicated in the Ballot Summary, Class 1, Class 4, Class 5, and Class 6 voted to  accept the Plan. Class 2 and Class 3 did not vote.

7.      The Court finds that votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with § 1126 of the Bankruptcy Code, the Order Setting Confirmation Hearing, Bankruptcy Rules 3018 and 3019, other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

E. **Summary of Treatment of Claims and Interests and Distributions Under the Plan Compliance with Confirmation Requirements of 11 U.S.C. § 1129(a).**

8.      With respect to compliance with the requirements of § 1129 of the Bankruptcy Code, the Court finds as follows:

(a) 11 U.S.C. § 1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code.

(b) 11 U.S.C. § 1129(a)(2). Debtor, as a proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code. The Debtor is a proper debtor under Bankruptcy Code § 1129. The Plan complies with the sections 1121 (who may file a plan), § 1122 (classification of claims or interests), 1128, and 1129 (confirmation of plan) and the Bankruptcy Rules. The Debtor complied with the Code as to the transmission of ballots and all related documents and notices, and in soliciting and tabulating votes on the Plan.

(c) 11 U.S.C. § 1129(a)(3). Debtor, its advisors, attorneys, and agents have proposed the Plan in good faith and not by any means forbidden by law. The treatment of holders of Claims and Equity Interests contemplated by the Plan was negotiated at arms' length, without collusion, and in good faith. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the formulation of the Plan, and the solicitation of votes to accept or reject the Plan.

(d) 11 U.S.C. § 1129(a)(4). All payments and distributions made or to be made by the Debtor or the Liquidation Trustee and all payment terms set forth in the Plan for services or for costs and expenses in, or in connection with, the Bankruptcy Case, or in connection with the Plan and incident to this Bankruptcy Case, have been approved by, or are subject to approval of, this Court as reasonable, unless otherwise ordered by this Court.

(e) 11 U.S.C. § 1129(a)(5). The Plan provides a Liquidation Trust and Liquidation Trustee. The persons that must be identified pursuant to § 1129(a)(5) of the Bankruptcy Code have been identified in the Plan, consistent with the interests of Claim and Equity Interest holders and with public policy.

(f) 11 U.S.C. § 1129(a)(6). The Debtor is not subject to any governmental regulation of any rates and, therefore, § 1129(a)(6) is inapplicable and, thus, satisfied.

(g) 11 U.S.C. § 1129(a)(7). The liquidation analysis included in the Plan and the other evidence related thereto in support of the Plan that was proffered or adduced at or prior to the Confirmation Hearing are reasonable, persuasive, credible and establish that each holder of an impaired Claim or Equity Interest against the Debtor either has accepted

the Plan or will receive or retain under the Plan on account of such Claim or Equity

Interest, property of a value, as of the Effective Date of the Plan, that is not less than

the amount that such holder would so receive or retain if the Debtor were liquidated

under chapter 7.

(h) 11 U.S.C. § 1129(a)(8). All Classes are impaired under the Plan and entitled to vote. Class 1, Class 4, Class 5, and Class 6 voted to accept the Plan. Class 2 and Class 3 did not vote. Based on the tabulation of ballots submitted to the Debtor on the Plan, As indicated in the Ballot Summary, Class 1, Class 4, Class 5, and Class 6 are impaired accepting classes. Therefore, the Debtor has satisfied § 1129(a)(8).

(i) 11 U.S.C. § 1129(a)(9). The Plan's treatment of Claims of a kind specified in Bankruptcy Code § 507(a)(1) through (8) satisfies the requirements set forth in § 1129(a)(9) of the Bankruptcy Code.

(j) 11 U.S.C. § 1129(a)(10). The Plan satisfies the requirements of § 1129(a)(10) of the Bankruptcy Code. As evidenced by the Ballot Summary, impaired Class 1 and Class 4 have voted to accept the Plan in accordance with § 1126 of the Bankruptcy Code. None of the creditors in Classes 1 and 4 are insiders of the Debtor. The Debtor has satisfied the requirements of § 1129(a)(10) of the Bankruptcy Code.

(k) 11 U.S.C. § 1129(a)(11). The Plan satisfies the requirements of § 1129(a)(11) of the Bankruptcy Code. The Plan is a liquidating plan that provides for the establishment of a Liquidation Trust to make payments on allowed claims. The Royalty Agreement provides for $2,500,000 to be contributed to the Liquidation Trust. Therefore, the Plan is feasible and confirmation of the Plan is not likely to be followed by the need for further reorganization of the Debtor.

(l) 11 U.S.C. § 1129(a)(12). The Debtor has paid or will pay all chapter 11 statutory and operating fees, if applicable, pursuant to the Plan, and will file all required fee statements.

(m) 11 U.S.C. § 1129(a)(13). The Debtor has made all payments required under its pension plan or "retiree benefits" plan as that term is defined in § 1129(a)(13) of the Bankruptcy Code and, therefore, has complied with § 1129(a)(13). Post-confirmation the Debtor shall winddown its pension plan.

(n) 11 U.S.C. § 1129(a)(14) – (16). The provisions of §§ 1129(a)(14), (a)(15), and (a)(16) of the Bankruptcy Code are not applicable to the Debtor's Bankruptcy Case. The Debtor (a) is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation, (b) is not an individual, and (c) is a moneyed business or commercial corporation.

F. **Compliance with 11 U.S.C. § 1129(c).**

9. There is only one plan filed, and, as such, this section of the Bankruptcy Code does not apply.

G. **Compliance with 11 U.S.C. § 1129(d).**

10. The Court finds that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

H. **Not Small Business Cases 11 U.S.C. § 1129(e).**

11. The Bankruptcy Case is not a small business case, and, as such, this section of the Bankruptcy Code does not apply.

I. **Satisfaction of Confirmation Requirements.**

12. Based upon the foregoing, all other pleadings, documents, and exhibits filed in

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION Page 8**

connection with confirmation of the Plan, and all evidence and arguments made, proffered, admitted, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in §§ 1129(a) and 1191(a) of the Bankruptcy Code.

J.   **Executory Contracts and Unexpired Leases.**

13.   The Plan is a liquidating plan.  All executory contracts and leases are rejected pursuant to §§ 365 and 1123(b)(2) of the Bankruptcy Code, and the Plan.

**BASED UPON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

14.   **Findings of Fact and Conclusions of Law.** The above-referenced findings of fact and conclusions of law are hereby incorporated herein by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable through Bankruptcy Rule 9014. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

15.   **Satisfaction of Confirmation Requirements.** Based upon the foregoing, all other pleadings, documents, and exhibits filed in connection with confirmation of the Plan, and all evidence and arguments made, proffered, admitted, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in § 1129(a) of the Bankruptcy Code.

16.   **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are rejected pursuant to §§ 365 and 1123(b)(2) of the Bankruptcy Code, and the Plan.

17.   **Confirmation of the Plan**. The Plan proposed herein is hereby confirmed pursuant to 11 U.S.C. § 1129(a) and (b). The documents contained in or contemplated by the Plan, are

authorized and approved. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

18.  **Objections.** All objections to Confirmation of the Plan and other responses, comments, statements, or reservations of rights, if any, in opposition to the Plan have been withdrawn, waived, or otherwise resolved by the Debtor prior to entry of this Confirmation

19.  **Order.** To the extent any objections, reservations of rights, statements, or joinders to confirmation have not been resolved, withdrawn, waived, or settled prior to entry of this Confirmation Order or otherwise resolved herein or as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits based on the record before this Court.

20.  **Effective Date**. The Effective Date of the Plan is the date that is the first Business Day after the Confirmation Date on which all conditions precedent to the occurrence of the Effective Date set forth in Article VIII of the Plan have been satisfied. If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the day after the date on which the stay expires or is otherwise terminated. These dates are calculated as provided in Fed. R. Bankr. P. 9006(a)(1).

21.  **Amendments to the Plan.** As announced on the record, the Plan is amended as follows:

(a)  **Dallas County.** In accordance with Section 503(b)(1)(D), Dallas County shall not be required to file a request for payment of its post-petition ad valorem taxes as a condition of such taxes being an Administrative Expense Claim,

(b)  **VNB Secured Claim.**  The definition of "**VNB Secured Claim**" in Article I is hereby revised to:

"**VNB Secured Claims**" means the Secured Claims of Valley National Bank, in the amount of not less than $1,690,000, plus accrued interest and fees, but reduced by

such amounts as VNB has been paid on account of such claims. The Debtor estimates the VNB Secured Claim to be $348,187.46 as of August 31, 2025.

22.     **Plan Implementation.**

(a)   In accordance with § 1142 of the Bankruptcy Code, without further action by the Court or the equity holders, managers, officers, or directors of the Debtor, and its representatives, attorneys, professionals, and agents are authorized to: (i) take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan and this Confirmation Order, and the transactions contemplated thereby or hereby, and (ii) execute and deliver, adopt or amend, as the case may be, any contracts, instruments, agreements, and documents necessary to implement, effectuate and consummate the Plan.

(b)   Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan, including: (i) the assumption or rejection, as appropriate, of any executory contracts and unexpired leases, and (ii) entry into any contracts, instruments, agreements, and documents necessary to implement, effectuate, and consummate the Plan, shall be effective prior to, on, or after the Effective Date pursuant to this Order, without further notice, application to, or order of this Court, or further action by the respective managers, officers, directors, members, or equity holders of the Debtor.

(c)   To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the equity holders, members, managers, or directors of the Debtor, this Confirmation Order shall, pursuant to § 1142 of the Bankruptcy Code, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the directors, managers, members, and equity holders of the appropriate Debtor, as applicable.

23.     **No Action Required.** No action of the respective directors, equity holders, managers, officers, or members of the Debtor is required to authorize the Debtor to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan, and any transaction, contract, assignment, certificate, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

24.     **Effectiveness of All Actions.** All actions contemplated by the Plan are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the respective officers, directors, managers, members, or equity holders of the Debtor and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or equity holders.

25.     **Binding Effect**. Pursuant to § 1141 of the Bankruptcy Code, on the date of and after entry of this Confirmation Order, subject to the occurrence of the Effective Date and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or otherwise, this Confirmation Order and the Plan and each of its provisions shall be binding upon and inure to the benefit of: (i) the Debtors; (ii) all persons acquiring or receiving property or a distribution under the Plan; (iii) any present or future holder of a Claim against or Equity Interest in the Debtor, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder or entity accepted the Plan; (iv) any other party in interest; (v) any and all non-Debtor parties to Debtor executory contracts and unexpired leases; (vi) any person making an appearance in this case; (vii) any entity receiving notice of these Chapter 11 proceedings; and (viii) any heirs, successors, assigns, trustee, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries or guardians of the foregoing. The rights and obligations of any entity named or

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION   Page 12**

referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

26.      **Continued Existence of the Debtor**. On the Effective Date, the assets of the Debtor shall be transferred to the Liquidation Trust.  The Debtor will continue to exist to winddown its corporate existence pursuant to the state law.

27.      **Debtor's Actions Post-Confirmation Through the Effective Date.** During the period from entry of this Confirmation Order through and until the Effective Date, the Debtor shall continue to operate its business as a debtor in possession, subject to the oversight of the Court as provided under the Bankruptcy Code, the Bankruptcy Rules, and this Confirmation Order and any order of the Court that is in full force and effect.

28.      **Preservation of Causes of Action.** The Debtor expressly reserves all rights to prosecute any and all of their respective causes of action against any person, except as expressly provided in the Plan. Unless any causes of action are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Debtor expressly reserves all of its respective causes of action for later adjudication by the Liquidation Trustee.

29.      **Executory Contracts and Leases**. The Debtor has satisfied the requirements of Bankruptcy Code §§ 365(b)(1) and 365(f)(2). Entry of this Confirmation Order shall constitute approval of the assumptions and rejections, if any, provided for in the Plan.

30.      **Administrative Claims.** In accordance with Article III of the Plan, all administrative expenses allowed under § 503 of the Bankruptcy Code will be paid consistent with sections 1129(a)(9)(A) of the Bankruptcy Code.  Unless previously paid, each holder of an Allowed Administrative Claim shall receive in full satisfaction, settlement, release and discharge and in exchange for such Claim from the Estate, through the Liquidation Trustee from the

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION   Page 13**

Liquidation Trust Assets, cash payments equal to the Allowed amount of the Administrative Claim on the later of (a)(i) fifteen (15) Business Days after the Effective Date (or as soon as reasonably practicable thereafter); (ii) fifteen (15) Business Days following the date such Claim is Allowed by Final Order; or (iii) on such date as distributions are made by the Liquidation Trust pursuant to the provisions of the Plan; or (b) such other less favorable treatment as may be agreed upon in writing by the Debtor or the Liquidation Trustee and such holder.

31.     **Discharge.** On the Effective Date, Debtor shall be and is hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except that Debtor will not be discharged of any debt or obligation: (i) imposed by this Plan; (ii) excepted from discharge under 11 U.S.C. § 523 as provided by 11 U.S.C. § 1141(d)(2) if the Debtor is an individual; and (iii) to the extent provided in 11 U.S.C. § 1141(d)(6) if the Debtor is a corporation.

32.     **Retention of Jurisdiction**. The Court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification. Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

33.     In accordance with the Bankruptcy Rules 2002 and 3020(c), not later than 10 business days after the Confirmation Order is final and no longer subject to appeal, the Debtor shall serve the notice of confirmation of the Plan and file and serve a notice of the Effective Date providing the specific date of the Effective Date.

34.     **Property of the Estate.** Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all the property of the

Estate vests in the Liquidation Trust. Debtor.

35.    **Substantial Consummation.** No later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve upon the Trustee, U.S. Trustee, and all parties in interest, notice of substantial consummation of the Plan as provided under 11 U.S.C. § 1183(c)(2).

36.    **Severability**. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

37.    **Controlling Effect.** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

38.    In the event of a conflict between the terms of this Confirmation Order and those of the Plan, the terms of this Confirmation Order shall control.

39.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof. The 14-day automatic stay of Rule 3020(e) is waived.

###END OF ORDER###

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION  Page 15**

**APPROVED AS TO FORM AND CONTENT
AND ENTRY REQUESTED:**

Dated: September 19, 2025                    Respectfully submitted,

                                            **ROSS & SMITH, PC**

                                            By:   /s/ *Frances A. Smith*
                                            Frances A. Smith
                                            State Bar No. 24033084
                                            Jonathan Gitlin
                                            State Bar No. 24064305
                                            700 North Pearl Street, Suite 1610
                                            Dallas, Texas 75201
                                            Telephone: 214-377-7879
                                            Facsimile: 214-377-9409
                                            Email: frances.smith@ross-and-smith.com
                                            Email: jonathan.gitlin@ross-and-smith.com

                                            **COUNSEL TO DEBTOR**